IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPA, | ) | CASE NO. 1:21 CV 745 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| SHERWOOD TRANSPORTATION, | ) | MEMORANDUM OPINION |
| INC., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendant, Sherwood Transportation, Inc. ("Sherwood"). (Docket #8.) Sherwood asserts that it is entitled to judgment in its favor as to all of the claims raised by Plaintiff, Michael Chapa.

**Factual and Procedural Background**

As alleged in the Complaint, the facts of this case are as follows:

Mr. Chapa is an over-the-road truck driver and Sherwood is a Michigan Distributor conducting business in Ohio under the name Sherwood Foods Distributors. (Complaint at Paragraphs 2-3.) Sherwood has a facility in Maple Heights, Ohio. (Id. at Paragraph 4.) On April 16, 2019, Mr. Chapa was on the premises of Sherwood's Maple Heights facility, waiting for an open space to back his trailer into a dock for unloading, when he was assaulted and

injured by Raymond P. Jenkins, Sr., a Sherwood employee. (Id. at Paragraphs 6-8.)

Mr. Jenkins was originally hired by Sherwood on September 18, 2006. (Id. at Paragraph 16.) In his application, he disclosed that he had previously been convicted of a felony (*United States v. Raymond P. Jenkins, Sr.*, United States District Court for the Northern District of Ohio Case No. 1:98 CR 401, Conspiring to Distribute Narcotics) and gave Sherwood written authorization to investigate his felony conviction history. (Id. at Paragraphs 13-14.) Sherwood did not investigate Mr. Jenkins' felony conviction history prior to hiring him. (Id. at Paragraph 16.)

On or about April 4, 2017, while employed by Sherwood, Mr. Jenkins was convicted of felonious assault and having a weapon under disability (*State of Ohio v. Raymond P. Jenkins, Sr.*, Cuyahoga County Court of Common Pleas Case No. CR-16-611297A). (Id. at Paragraph 18.) The events giving rise to that conviction took place on or about October 31, 2016. (Id. at Paragraph 19.) The exact circumstances and the extent of Sherwood's knowledge of the same are unclear.

Relative to the April 16, 2019 incident involving Mr. Chapa, the City of Maple Heights charged Mr. Jenkins with Assault and, on September 9, 2019, Mr. Jenkins was convicted of Negligent Assault in violation of Ohio Rev. Code § 2903.14. (Id. at Paragraph 11.) Mr. Chapa filed a civil lawsuit against Mr. Jenkins in the Cuyahoga County Court of Common Pleas (*Michael Chapa v. Raymond P. Jenkins, Sr.*, Case No. CV-19-926750) and judgment was entered in favor of Mr. Chapa and against Mr. Jenkins in the amount of $153,640.88. (Id. at Paragraph 20.)

On March 8, 2021, Mr. Chapa filed the instant Complaint against Sherwood in the

Cuyahoga County Court of Common Pleas, Case No. CV 21 944853, asserting claims for Negligent Hiring (Count One); Negligent Supervision (Count Two); Negligent Retention (Count Three); and, Premises Liability (Count Four). On April 7, 2021, Sherwood filed its Notice of Removal to this Court.

On May 4, 2021, Sherwood filed its Motion for Judgment on the Pleadings. (Docket #8.) Mr. Chapa filed a Memorandum in Opposition on May 10, 2021. (Docket #11.) Sherwood filed a Reply Brief on May 21, 2021. (Docket #12.) The Motion for Judgment on the Pleadings is fully briefed and ripe for review.

### Standard of Review

The standard of review used by a district court to rule on a motion for judgment on the pleadings is the same as the standard used to rule on Rule 12(b)(6) motions. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. Tenn. 1998). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. Ohio 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. Ky. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. Tenn. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Ohio Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. Ohio 2001).

**Conclusion**

Sherwood's Motion for Judgment on the Pleadings (Docket #8) is hereby DENIED. The Court has thoroughly reviewed Mr. Chapa's Complaint; Sherwood's Motion for Judgment on the Pleadings; and, the Opposition and Reply Briefs submitted by the Parties. Accepting the factual allegations as true and drawing all reasonable inferences in favor of Mr. Chapa, the allegations set forth in the Amended Complaint are sufficient to withstand judgment at this stage of the litigation.

As discussed at the Case Management Conference held on May 21, 2021, discovery shall be complete by November 1, 2021. A status conference remains set for August 23, 2021 at 9:30

a.m. to be held telephonically, at which time a briefing schedule for dispositive motions will be set.

    IT IS SO ORDERED.

                                                                                 Donald C. Nugent
                                                                                 Senior United States District Court Judge

Date: May 27, 2021